# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

Althirty C. Hunter,

    Petitioner,

  v.

    Case No. 3:17-CV-127 JVB

Superintendent,

    Respondent.

## OPINION AND ORDER

Althirty C. Hunter, a pro se prisoner, filed a habeas corpus petition attempting to challenge his convictions and 85-year sentence by the Lake Superior Court on January 13, 2006, under cause number 45G04-0409-MR-7. Hunter acknowledges that his petition is untimely, but argues the Court should consider his claim because he is actually innocent.

> "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."

*McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013) (quotation marks and citation omitted). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To support a claim of actual innocence the petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *id.*, and must show that "in light of new evidence, it is more likely than not that no reasonable

juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006). Because of the difficulty of meeting this standard, such claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The new evidence that Hunter believes proves he is actually innocent is testimony given by Calvin Lyons in 2006. Lyons was charged with the same murder as Hunter. Lyons plead guilty a few months after Hunter was convicted. Hunter argues that Lyons testified that he acted alone, that Hunter did not provoke the gunfight, did not have a gun, and did not encourage him to shoot the victim. The Court of Appeals of Indiana explained the relationship between Hunter, Lyons, and the murder in its opinion affirming Hunter's conviction on direct appeal:

> "Evidence at trial indicated that on September 11, 2004, Hunter arrived with Calvin Lyons at Jawuan Blake's residence in Gary at approximately 3:00 p.m. and purchased some marijuana from Blake. Blake shared his residence with Dino Moore, who was present that day. According to Blake, Hunter called him after leaving his residence because Hunter believed he had unintentionally dropped $100 on Blake's floor. Apparently Blake was hosting a party that evening and several people, including Jeff Morgan, were gathered at his home when Hunter returned at about 9:00 p.m. Blake testified that Hunter approached him and others in the kitchen, pulled out a gun, and indicated he wished to recover his $100. According to Blake, Lyons then also pulled out a gun, whereupon Moore grabbed Hunter. Others inside the house, including Blake, grabbed guns, and a firefight ensued. Moore was killed, and Blake and Morgan were injured.
>
> "Hunter was charged on September 16, 2004 with murder, two counts of attempted murder, and two counts of battery. In a November 28, 2005 trial, the State did not allege that Hunter was the 'trigger man' but proceeded under a theory of accomplice liability."

*Hunter v. State*, 861 N.E.2d 25 (Ind. Ct. App. 2007).

First, Lyons' guilty plea testimony was available to Hunter for more than a decade. He provides no explanation for why he waited so long to raise this issue. Second, Lyons' testimony is not new evidence. Though Lyons' words were not transcribed until after Hunter was convicted, Hunter was at the party with Lyons and personally knew all of these relevant facts.

2

Third, even if Lyons had presented this testimony at Hunter's trial, reasonable jurors could have still believed Jawuan Blake who testified that Hunter had a gun. Fourth, because Hunter was not alleged to have shot Moore, it was not relevant whether he had a gun. Reasonable jurors could have believed that Hunter was an accomplice because he went to the party with Lyons after they bought drugs together earlier in the day.

Hunter cannot demonstrate actual innocence. He has admitted that the petition is untimely. Therefore this petition must be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant a certificate of appealability. When the Court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the Court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the Court:

(1) **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely;

(2) **DENIES** a certificate of appealability;

(3) **DENIES** leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3) because an appeal in this case could not be taken in good faith; and

(4) **DIRECTS** the Clerk to close this case.

**SO ORDERED** on February 21, 2017.

                                                  s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN
                                                  UNITED STATES DISTRICT JUDGE